**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**Elkins Division**

| | |
|---|---|
| BRITTANY MAE KEENE,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN WESLEY HAWKINS,<br>individually and in his official capacity as agent<br>and employee of Barbour County Commission,<br><br>and<br><br>BARBOUR COUNTY COMMISSION<br>a political subdivision of the State of West<br>Virginia<br>      Defendants. | Civil Action No. 2:13-cv-49 (Bailey)<br>**JURY TRIAL DEMANDED**<br><br>Electronically Filed July 18, 2013 |

**COMPLAINT**

NOW COMES Plaintiff, Brittany Mae Keene, by and through her undersigned counsel, and pursuant to 42 U.S.C. §1983, the federal constitution, and the constitution and laws of the State of West Virginia, for her cause of action against Defendants, John Wesley Hawkins, individually and in his official capacity as agent and employee of Defendant, Barbour County Commission, a political subdivision of the State of West Virginia, pleads and avers as follows:

**I. STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.  This Court has pendent jurisdiction over all State law claims herein asserted pursuant to United Mine Workers v. Gibbs, 388 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)

## II. GENERAL RECITALS

2. Plaintiff, Brittany Mae Keene, is now and at all times relevant hereto, was, a citizen and resident of the State of West Virginia.

3. Defendant, John Wesley Hawkins, ("Hawkins") is now, and at all times relevant hereto was, a citizen and resident of the State of West Virginia, and is, or was, an agent, servant, and/or employee of Defendant, Barbour County Commission (hereinafter sometimes, "the County Defendant"), employed by such Defendant as sheriff and law enforcement officer.  At all times relevant hereto, Hawkins acted both individually and within the scope of his agency as employee, agent, or servant of the County Defendant.

4. Defendant, Barbour County Commission, is a political body and county office organized and existing pursuant to the laws of the State of West Virginia, is a political subdivision of the State of West Virginia, and is in the business, *inter alia*, of providing various services to the citizenry of such county, including law enforcement services.

5. At all times relevant hereto, the County Defendant knew or should have known, of the proclivity and tendency for violence and excessive force of Hawkins in performing his law enforcement duties, yet the County Defendant, nevertheless, permitted and authorized him to continue in his capacity as Sheriff and law enforcement officer and retained him as such, thereby ratifying his conduct punctuated by violence and excessive force, specifically including his proclivity for unlawfully and completely unnecessarily using excessive force on citizens and arrestees.  The County Defendant had both actual and constructive notice of

2

Hawkins' individual tendencies toward the use of excessive force and violence including prior occasions, to-wit:[1]

Female #1:   Defendant Hawkins threatened to institute criminal charges against a female, approximately eighteen years old, unless she performed oral sex on him, and the female unwillingly complied by performing oral sex on Defendant Hawkins in a bathroom located in the Barbour County Courthouse;

Female #2:  Defendant Hawkins arrested female #2, approximately sixteen years of age, and threatened to proceed forward with the prosecution unless the female performed oral sex on him and the female unwillingly performed oral sex on Defendant Hawkins in his police cruiser;  Defendant Hawkins warned her to say nothing or he would hurt her;

Female #3:   Defendant Hawkins forced female #3 to perform oral sex on him in exchange for drugs he obtained from the police evidence room;

Female #4:   Defendant Hawkins, while in uniform, handcuffed a nineteen year old female in the barn at the Barbour County Fairgrounds, performed various sex acts on her against her will, and in addition, forced her to have sex with him in a closet at his office at the Barbour County Courthouse;

Female #5:  Defendant Hawkins handcuffed female #5 at the Barbour County shooting range and performed various sex acts on her against her will;  Defendant Hawkins told her to keep her mouth shut or he would kill her;

thereby unnecessarily, wantonly, and deliberately exerting excessive force on the person of helpless detainees, which conduct was subsequently ratified and approved by the County Defendant.

---

[1] The names of the victims referenced as "Female #1" through "Female #5" will be disclosed upon agreement with Defendants regarding the use of the victims' names.

6.  During late July/early August of 2011, Defendant Hawkins began communicating with Plaintiff, who was under the age of 18, on the social media site Facebook.

7.  Plaintiff sought employment at the 911 communications center and Defendant Hawkins was provided with a copy of Plaintiff's resume, which included Plaintiff's date of birth and cell phone number.

8.  During late July/early August of 2011, Defendant Hawkins began texting Plaintiff and arranged to meet her during the late evening hours, after Plaintiff finished working at the Shop & Save in Barbour County, WV, under the pretext of interviewing Plaintiff for the 911 job. Defendant Hawkins met with Plaintiff at the Haven of Hope Church parking lot and instructed Plaintiff to enter his county owned vehicle.  Defendant Hawkins was wearing his uniform as well as his county issued firearm.

9.  Defendant Hawkins proceeded to drive with Plaintiff to a camper owned by the County Defendant and located at the Barbour County Fairgrounds in Barbour County, WV.  He explained to Plaintiff that he needed to interview Plaintiff at a private location where they would not be seen so that people would not get the wrong idea.

10. After entering the camper, Defendant Hawkins proceeded to provide Plaintiff with an alcoholic beverage and instructed her to drink it.  Defendant Hawkins knew that Plaintiff was only seventeen years of age at the time.

11. Defendant Hawkins proceeded to "interview" Plaintiff and then abruptly declared that if Plaintiff wanted the job, she would have to sleep with him.

12. Plaintiff refused and attempted to exit the camper.  Defendant Hawkins then slammed Plaintiff face-forward against the wall of the camper and handcuffed her hands behind her back.

13. Defendant Hawkins then proceeded to force Plaintiff on the bed located inside the camper.

14. Plaintiff began to scream for help and Defendant Hawkins stuffed a bandana or handkerchief in her mouth to silence her.

4

15. Defendant Hawkins thereafter engaged in unwanted sexual intercourse with Plaintiff and sexually deviant behavior, including inserting a cucumber in the rectum of Plaintiff, all during which Plaintiff sobbed and cried.

16. After finishing with Plaintiff, Defendant Hawkins threatened her that if she said anything to anyone, he would kill her. To further humiliate Plaintiff, Defendant Hawkins sent Plaintiff a text message referencing the cucumber and Defendant also sent Plaintiff a photo he took of Plaintiff's naked body, in violation of 18 U.S.C. § 2252.

17. Thereafter, Defendant Hawkins repeatedly made threats to Plaintiff that he would kill her, some threats being overheard by third persons.

18. On or about May 7, 2012, Defendant sent Plaintiff a text message making a veiled threat to have Plaintiff indicted, to wit: "And you still want me to try and keep you from getting indicted…"

19. On May 11, 2012, after Defendant Hawkins once again threatened to kill Plaintiff and hide her body so no one could find her, Plaintiff filed a domestic violence petition with the State Court. A domestic violence protective order was issued and a hearing was scheduled to take place on June 5, 2012 at 2:30 pm.

20. In an effort to prevent Plaintiff from moving forward with the domestic violence proceeding, Defendant Hawkins, along with others, arranged for Plaintiff to be indicted and on May 29, 2012 Plaintiff was indicted in State Court.

21. Defendant Hawkins was in charge of the investigation of the alleged criminal acts set forth in the indictment.

22. The indictment was subsequently dismissed.

23. Defendant Hawkins' use of force was excessive and unreasonable in relation to the lawful actions of Plaintiff.

24. Plaintiff incurred and will incur costs and expenses in the form of counsel fees and medical care and treatment for injuries sustained by Plaintiff during the course of unlawful conduct by Defendant Hawkins as aforesaid.

25. At all times as aforesaid, Defendant Hawkins was without lawful justification, authority, or excuse to Plaintiff, and, despite knowing so, unlawfully seized and detained Plaintiff in the absence of process or probable cause.

26. Defendant Hawkins effectuated the seizure and detention of Plaintiff in the absence of probable cause and in derogation of U.S. Const. Amds. IV and XIV and W.VA. Const. Art. III, §6.  Moreover, the conduct of Defendant Hawkins towards Plaintiff, who was a person at liberty, and placing Plaintiff into custody, and otherwise employing excessive force in effectuating violated Plaintiff's rights secured under U.S. Const. Amds. IV and XIV and W. VA. Const. Art. III, §6.

27. The conduct of Plaintiff was lawful and protected.

28. In acting as aforesaid, Defendant Hawkins implemented or executed a policy statement, ordinance, regulation, or decision officially adopted or promulgated by the County Defendant, or engaged in such action pursuant to a formal or informal governmental custom or otherwise was permitted to act in such an unlawful manner by the County Defendant despite its subjective appreciation of Defendant Hawkins' proclivity to violate the civil rights of young women, including Plaintiff.

## COUNT ONE
## 42 U.S.C. §1983 – UNLAWFUL ARREST

29. Plaintiff repleads in *haec verba* the allegations contained within §§1-28 as if the same were set forth fully herein.

30. In negligently, wantonly, recklessly, unlawfully, intentionally and/or maliciously battering Plaintiff, and by seizing her, detaining her, arresting her and/or procuring her arrest without justification or probable cause and thereafter causing her detention and  imprisonment as

6

aforesaid in derogation of Plaintiff's right to be free from unreasonable searches and seizures as guaranteed by U.S. Const. AMD. 4, Defendant Hawkins, while acting under color of the laws of the State of West Virginia, the County of Barbour, and otherwise, deprived Plaintiff of her civil rights, including her rights secured and guaranteed to her under U.S. Const. Amds. 1, 4 and 14 and W. VA. Const. Art. III, §6, within the meaning of 42 U.S.C. §1983 and otherwise.  The County Defendant ratified said acts and further deprived Plaintiff of her civil rights, including rights secured and guaranteed to her under U.S. Const. Amds. 1, 4 and 14 and W. Va. Const. Art. III, §6.

31. In acting as aforesaid, the Defendants, individually, jointly and/or severally, proximately cause Plaintiff to sustain, and continue to sustain, losses and damages, including physical harm, extreme fear, torment and suffering of her body and mind, embarrassment, loss of enjoyment of life, humiliation, aggravation and inconvenience, unlawful deprivation of her civil rights under color of state law, and other losses and damages.  Additionally, Plaintiff sustained and/or will sustain pecuniary losses and damages in the form of lawyer fees and past and future medical care and expenses.

## COUNT TWO
## 42 U.S.C. §1983 – EXCESSIVE FORCE

32.  Plaintiff repleads in *haec verba* the allegations contained within §§1-31 as if the same were set forth fully herein.

33. In negligently, wantonly, recklessly, unlawfully, unintentionally and/or maliciously battering Plaintiff irrespective of the legality of her arrest, Defendant Hawkins, in derogation of Plaintiff's right to be free from unreasonable searches and seizures as guaranteed by U.S. Cont. Amd. 4, while acting under color of the laws of the State of West Virginia, the County of Barbour, and otherwise, used excessive and unnecessarily brutal force on the person of

7

Plaintiff, thereby depriving Plaintiff of her civil rights, including her rights secured and guaranteed to her under U.S. Const. Amds. 1, 4 and 14 and W. VA. Const. Art. III, §6.

34. In acting as aforesaid, the Defendants, individually, jointly and/or severally, proximately caused Plaintiff to sustain, and continue to sustain, losses and damages, including physical harm, extreme fear, torment and suffering of her body and mind, embarrassment, loss of enjoyment of life, humiliation, aggravation and inconvenience, unlawful deprivation of her civil rights under color of state law, and other losses and damages.  Additionally, Plaintiff sustained and/or will sustain pecuniary losses and damages in the form of lawyer fees and past and future medical care and expenses.

## COUNT THREE
## CIVIL CONSPIRACY

35. Plaintiff repleads in *haec verba* the allegations contained within §§1-34 as if the same were set forth fully herein.

36. By entering into an express or implicit agreement to commit an unlawful act or to commit a lawful act through unlawful means by engaging in an overt act, to-wit: a) by seizing and detaining Plaintiff in the absence of process or probable cause and b) thereafter agreeing to perpetuate her prosecution and c) directing and counseling and advising the prosecuting attorney of Barbour County to do so and d) directing and counseling and advising the prosecuting attorney of Harrison County to do so and e) seizing the confidential work product of Plaintiff's investigator relating to this case and refusing to return same, Defendant Hawkins and other members of the Barbour County Sheriff's Department including Deputy Kennedy and Deputy Deffett, Barbour County Prosecutor's Office including Leckta L. Polling with whom Defendant Hawkins shared a close personal relationship, Harrison County Prosecutor's Office including Kurt W. Hall and Traci M. Cook, Harrison County

Sheriff's Office including Officer P. B. McCarty-a close friend of Defendant Hawkins, and the County Defendant conspired to deprive Plaintiff of her constitutional rights guaranteed under U.S. Const. Amds. 1, 4 and 14 and W. Va. Const. Art. III, §6, and thereby inflicted damage on Plaintiff, proximately causing Plaintiff to sustain losses and damages, including extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of past and future medical expenses and counsel fees.

**COUNT FOUR**
**TORT OF OUTRAGE/INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

37.  Plaintiff repleads in *haec verba* the allegations contained within §§1-36 as if the same were set forth fully herein.

38. All Defendants acted toward Plaintiff in a manner which was atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency and with intent to inflict emotional distress on Plaintiff, or, alternatively, all Defendants acted recklessly in such manner, when it was certain or substantially certain that such distress to Plaintiff would result from all Defendants' conduct thereby proximately causing Plaintiff to suffer emotional distress which was so severe that no reasonable person could be expected to endure it.

39. As a direct and proximate cause of the acts and omissions of Defendants, as aforesaid, Plaintiff sustained and continue to sustain damages, severe emotional trauma, physical pain and losses and the incursion of medical bills and future medical expenses, counsel fees, emotional pain and suffering, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages.

## COUNT FIVE
## BATTERY

40. Plaintiff repleads in *haec verba* the allegations contained within §§1-39 as if the same were set forth fully herein.

41. Defendant Hawkins, in acting as aforesaid, battered Plaintiff, and thereby proximately caused Plaintiff to sustain damages and losses, including, but not limited to, physical harm, extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation, and inconvenience, and other losses and damages.

42. As a direct and proximate cause of the acts and omissions of Defendant Hawkins, as aforesaid, Plaintiff sustained and continues to sustain damages, severe emotional trauma, physical pain and losses and the incursion of medical bills and future medical expenses, counsel fees, emotional pain and suffering, embarrassment, humiliation, loss of enjoyment of life, aggravation and inconvenience, and other losses and damages.

## COUNT SIX
## NEGLIGENT RETENTION AND HIRING

43. Plaintiff repleads in *haec verba* the allegations contained within §§1-42 as if the same were set forth fully herein.

44. The County Defendant, in hiring or in later retaining Defendant Hawkins as an employee when it knew, or in the exercise of due and reasonable diligence and care should have known, of his proclivity for violence and predisposition toward violent acts, excessive force, and abusiveness to persons in Barbour County, proximately caused Plaintiff to suffer and sustain damages, including extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses in the form of past and future medical treatment and counsel fees.

**COUNT SEVEN**
**FALSE IMPRISONMENT**

45. Plaintiff repleads in *haec verba* the allegations contained within §§1-44 as if the same were set forth fully herein.

46. Defendant Hawkins, in intending to hold, restrain, imprison, and asportate Plaintiff in the absence of lawful process and against Plaintiff's will, and in succeeding in doing so, proximately cause Plaintiff to sustain losses and damages, including extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of past and future medical expenses and counsel fees.

**COUNT EIGHT**
**NEGLIGENT TRAINING AND SUPERVISION**

47. Plaintiff repleads in *haec verba* the allegations contained within §§1-46 as if the same were set forth fully herein.

48. The County Defendant negligently failed to provide adequate training to, and engage in meaningful supervision of, Defendant Hawkins commensurate with the training and supervision accorded by law enforcement agencies to law enforcement employees in various areas, including, but not limited to, assessment of probable cause to arrest, how to act in a sane and civilized fashion and not in a brutish fashion as would a Neanderthal, dealing with verbally assertive citizens, the circumstances in which arrests may be made, and the continuum of the use of force and the use of force matrix.  As a direct and proximate result of the failure of the County Defendant to provide such supervision and training as aforesaid, Plaintiff sustained losses and damages, including extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses

11

and damages, including, but not limited to, pecuniary losses and damages in the form of past and future medical expenses and counsel fees.

## COUNT NINE
## ASSAULT

49. Plaintiff repleads in *haec verba* the allegations contained within §§1-48 as if the same were set forth fully herein.

50. Defendant Hawkins, in acting as aforesaid, intentionally, maliciously, illegally, and tortiously assaulted Plaintiff by causing Plaintiff to be placed in reasonable fear of receiving an imminent violent bodily injury.

51. As a direct and proximate result of the failure of the actions of Defendant Hawkins as aforesaid, Plaintiff sustained losses and damages, including extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of past and future medical expenses and counsel fees.

## COUNT TEN
## 42 U.S.C. 1983 – DELIBERATE INDIFFERENCE

52. Plaintiff repleads in *haec verba* the allegations contained within §§1-51 as if the same were set forth fully herein.

53. The County Defendant, in being subjectively aware of the proclivity for violence of Defendant Hawkins, specifically including his tendencies toward employing excessive force in contravention of the Fourth Amendment's prohibitions on unreasonable seizures of citizens and arrestees in the absence of any lawful cause, need, or justification for doing so, and without taking any remedial or corrective action pertaining to the same, exhibited deliberate indifference to Defendant Hawkins on-going pattern of violations of the Federal Constitution,

including the Fourth Amendment, to the detriment of the citizenry of Barbour County in general and Plaintiff in particular.

54. As a direct and proximate result of the acts and omissions of the County Defendant's as aforesaid, Plaintiff sustained losses and damages, including extreme fear, torment and suffering of her body and mind, embarrassment, humiliation, aggravation and inconvenience, and other losses and damages, including, but not limited to, pecuniary losses and damages in the form of past and future medical expenses and counsel fees.

## COUNT ELEVEN
## MALICIOUS PROSECUTION

55. Plaintiff repleads in *haec verba* the allegations contained within §§1-54 as if the same were set forth fully herein.

56. On or about May 29, 2012, a three count indictment was returned against Plaintiff in state court.

57. The indictment against Plaintiff was dismissed by Order of the Circuit Court of Barbour County, West Virginia, entered October 1, 2012.

58. On or about May 29, 2012, Defendant Hawkins and others wrongfully and maliciously caused Plaintiff to be indicted with a criminal offense.

59. Defendant Hawkins and others wrongfully pursued the prosecution of Plaintiff without reasonable or probable cause.

60. The criminal indictment against Plaintiff was dismissed in Plaintiff's favor.

61. Defendant's conduct was willful and malicious and designed to cause Plaintiff harm.

62. The conduct of Defendant and others constitutes the tort of malicious prosecution.

63. Plaintiff has been damaged as a direct and proximate result of Defendant Hawkins' wrongful conduct.

## COUNT TWELVE
## ABUSE OF PROCESS

64. Plaintiff repleads in *haec verba* the allegations contained within §§1-63 as if the same were set forth fully herein.

65. On or about May 29, 2012, a three count indictment was returned against Plaintiff.

66. Defendants caused Plaintiff to be served with process to wit: an indictment.

67. The indictment was brought for the improper collateral purpose of keeping Plaintiff from exposing Defendant Hawkins' wrongful acts as set forth *supra.*

68. The criminal indictment against Plaintiff was dismissed in Plaintiff's favor.

69. Defendants' conduct constitutes common law abuse of process.

70. Plaintiff has been damaged as a direct and proximate result of Defendants' wrongful conduct.

## COUNT THIRTEEN
## SEXUAL ASSAULT

71. Plaintiff repleads in *haec verba* the allegations contained within §§1-70 as if the same were set forth fully herein.

72. Defendant Hawkins violated W. Va. Code §61-8B-4 when Defendant Hawkins restrained Plaintiff and forced her to engage in unwanted sexual intercourse with him.

73. Defendant Hawkins engaged in unwanted sexual intercourse without Plaintiff's consent.

74. Plaintiff's lack of consent resulted from forcible compulsion.

75. In addition, Defendant Hawkins engaged in unwanted sexual intercourse and sexual intrusion with Plaintiff, who was physically helpless at the time of Defendant Hawkins' wrongful conduct.

76. Defendant Hawkins' actions violate a statute, and pursuant to W. Va. Code, §55-7-9, a cause of action arises.

77. Plaintiff has been damaged as a direct and proximate result of Defendant Hawkins' wrongful conduct.

## COUNT FOURTEEN
## ALCOHOL TO MINOR

78. Plaintiff repleads in *haec verba* the allegations contained within §§1-77 as if the same were set forth fully herein.

79. Defendant Hawkins violated W. Va. Code §60-3A-24 when he knowingly furnished Plaintiff with an alcoholic beverage and instructed her to drink it.

80. Defendant Hawkins knew that Plaintiff was only seventeen years of age at the time.

81. Defendant Hawkins is not related to Plaintiff by blood or by marriage.

82. Defendant Hawkins' actions violate a statute, and pursuant to W. Va. Code, §55-7-9, a cause of action arises.

83. Plaintiff has been damaged as a direct and proximate result of Defendant Hawkins' wrongful conduct.

## COUNT FIFTEEN
## DISSEMINATION OF NUDE PHOTO OF A MINOR IN VIOLATION OF 18 U.S.C. § 2252

84. Plaintiff repleads in *haec verba* the allegations contained within §§1-83 as if the same were set forth fully herein.

85. Defendant Hawkins sent Plaintiff a text message referencing the cucumber and Defendant also sent Plaintiff a photo he took of Plaintiff's naked body, in violation of 18 U.S.C. §2252.

86. Plaintiff was a minor under the age of eighteen at the time the nude photo was taken of her by Defendant Hawkins.

87. Defendant Hawkins' conduct constitutes a violation of 18 U.S.C. §2252.

88. Defendant Hawkins' actions violate a statute, and pursuant to W. Va. Code, §55-7-9, a cause of action arises.

89. Plaintiff has been damaged as a direct and proximate result of Defendant Hawkins' wrongful conduct.

### III. CONCLUSION

WHEREFORE, your Plaintiff Brittany Mae Keene, prays for judgment against Defendants, and all of them, jointly and severally, for her special and general injuries, losses and damages as aforesaid, exemplary damages, attorney fees, the costs of this action and for such other legal and equitable relief to which she may be entitled.

**Plaintiff demands a trial by jury.**

Brittany Mae Keene,
Plaintiff,
by counsel,

/s/ Paul J. Harris
Paul J. Harris
WV Bar # 4673
Fifteenth & Eoff Streets
Wheeling, WV 26003
304.232.5300

/s/ Shawn L. Fluharty
Shawn L. Fluharty
W. Va. Bar #11254
Fifteenth & Eoff Streets
Wheeling, WV 26003
304.232.5300