# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**BRITTANY MAE KEENE,**

    Plaintiff,

v.                                                             Civil Action No. 2:13-CV-49
                                                                         (BAILEY)

**JOHN WAMSLEY HAWKINS, individually
and in his official capacity as agent and
employee of Barbour County Commission,
and BARBOUR COUNTY COMMISSION,**

    Defendants.

## ORDER GRANTING IN PART DEFENDANT BARBOUR COUNTY COMMISSION'S MOTION TO DISMISS

This case is presently before the Court on the Motion to Dismiss in Lieu of Answer of defendant Barbour County Commission [Doc. 10], filed August 9, 2013. The plaintiff responded on August 28, 2013 [Doc. 14], and Barbour County Commission replied on September 10, 2013 [Doc. 15]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that the motion should be **GRANTED IN PART** and **DENIED IN PART**.

### I.    Factual Allegations

According to the Complaint, defendant John Wesley Hawkins ("Hawkins") was at all relevant times a sheriff and law enforcement officer, employed by defendant Barbour County Commission ("County Defendant") [Doc. 1 ¶ 3]. The plaintiff claims that the County Defendant knew or should have known of defendant Hawkins' "proclivity and tendency for violence and excessive force" [Id. at ¶ 5]. As such, the plaintiff claims that by permitting

and authorizing him to continue in his capacity as Sheriff, the County Defendant ratified the Sheriff's conduct [Id.].

The Complaint states that in late July or early August of 2011, defendant Hawkins began communicating with the plaintiff, then under the age of 18, via Facebook, and later via text message [Id. at ¶¶ 6–8]. The plaintiff states that she agreed to meet with defendant Hawkins one evening, under the pretext of an interview for employment with the 911 communications center [Id. at ¶ 8]. The plaintiff states that defendant Hawkins drove her to a camper owned by Barbour County, provided her with an alcoholic beverage, and declared that she would only be hired for the position with the 911 communications center if she had intercourse with him [Id. at ¶ 9–11]. According to the Complaint, when the plaintiff refused, defendant Hawkins engaged in unwanted sexual intercourse and sexually deviant behavior with the plaintiff [Id. at ¶ 15]. The Complaint states that afterwards, the defendant repeatedly threatened to kill the plaintiff and sent her lewd and threatening text messages [Id. at ¶ 16–19]. After the alleged threats, the plaintiff filed a domestic violence petition with the State Court against defendant Hawkins [Id. at ¶ 19]. The plaintiff claims that, in retaliation, defendant Hawkins arranged for her to be indicted in State Court, but that the indictment was later dismissed [Id. at ¶ 20–23].

The Complaint further alleges that defendant Hawkins used excessive force, violence, and threats against five other female victims [Id. at ¶ 5]. The allegations includes threats by defendant Hawkins of instituting criminal charges against two of the additional alleged victims unless they performed oral sex on him, and threats of harm to two additional alleged victims, among other allegations [Id.]. The plaintiff claims that the County Defendant had both actual and constructive notice of these instances, and therefore ratified

and approved defendant Hawkins' actions.

## II. Procedural History

On July 18, 2013, the plaintiff filed an fifteen-count Complaint against defendant Hawkins individually and in his official capacity as an agent and employee of Barbour County Commission, and against Barbour County Commission itself [Doc. 1]. The Complaint alleges unlawful arrest and excessive force under 42 U.S.C. § 1983 (counts 1 and 2); civil conspiracy (count 3); outrage/intentional infliction of emotional distress (count 4); battery (count 5); negligent retention and hiring (count 6); false imprisonment (count 7); negligent training and supervision (count 8); assault (count 9); deliberate indifference (count 10); malicious prosecution (count 11); abuse of process (count 12); sexual assault (count 13); furnishing alcohol to a minor (count 14); and dissemination of a nude photo of a minor (count 15).

On August 9, 2013, the County Defendant filed the instant Motion to Dismiss in Lieu of Answer [Doc. 10] and accompanying Memorandum of Law in Support [Doc. 11]. The County Defendant moved for the following: 1) Dismissal of counts 1, 2, 3, and 10 as insufficiently plead under Federal Rule of Civil Procedure 8(a) or, in the alternative, because the County Defendant cannot be held liable under a theory of *respondeat superior* [Doc. 10 at 1]; 2) Dismissal of counts 1 through 5, 7, 9, and 11 through 15 under West Virginia Code § 29-12A-4(c)(4), on the ground that the intentional acts alleged by the plaintiff cannot be supported by law [Id.]; 3) Dismissal of counts 6 and 8 for failure to state a cause of action or, in the alternative, that the Court order the plaintiff provide a more definite statement under Federal Rule of Civil Procedure 12 because the allegations are vague and ambiguous [Id. at 1–2]; and 4) Dismissal of the plaintiff's claim for "exemplary

damages", which it contends is impermissible under West Virginia Code § 29-12A-7(a) [Id. at 2].

The plaintiff filed a Memorandum of Law in Opposition on August 28, 2013 [Doc. 14]. First, the plaintiff contends that there are sufficient facts to support a claim against the County defendant because there was a "widespread pattern" of misconduct by defendant Hawkins, and that pattern prove that the County Defendant was aware of the wrongdoing by defendant Hawkins [Id. at 3–4]. The plaintiff seeks leave to amend if the Court finds that the plaintiff failed to plead sufficient facts [Id.]. The plaintiff next contests the County Defendant's allegation that the plaintiff pleads *respondeat superior* in the Complaint [Id. at 5]. The plaintiff contends that she pleaded sufficient facts to show that the County Defendant acted with "a minimum of deliberate indifference" [Id.]. Third, the plaintiff states that the intentional acts claimed in the Complaint pertain only to defendant Hawkins, and that to the extent that the Complaint alleges otherwise, it is typographical error [Id.]. The only counts which pertain to the County Defendant, then, are counts 1, 2, 6, 8, and 10 [Id.]. Next, the plaintiff argues that the negligent retention and hiring claim in count 6 and the negligent training and supervision claim in count 8, require a full development of the record because whether the County Defendant can be held liable for the negligent retention and hiring or negligent training and supervision of an elected official is an issue of first impression [Id.]. Finally, the plaintiff concedes that it may not seek exemplary damages against a County Defendant for state law claims [Id. at 6].

On September 10, 2013, the County Defendant filed a Reply [Doc. 15], reiterating and supplementing its previous arguments in support of dismissal.

4

## III. Applicable Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) tests the legal sufficiency of a complaint or pleading. ***Francis v. Giacomelli***, 588 F.3d 186, 192 (4th Cir. 2009). The legal sufficiency of a complaint is measured by whether it meets the standard stated in FRCP 8, which provides general rules of pleading, and 12(b)(6), which requires a complaint to state a claim upon which relief can be granted. ***Id.***

FRCP 8(a)(2) requires that a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The standard requires that a Complaint contain "more than labels and conclusions." ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555 (2007). The Complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (quoting ***Twombly***, 550 U.S. at 570). A claim is facially plausible where the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Id.***

## IV. Analysis

### A. Counts 1, 2, 3, and 10

The County Defendant claims that counts 1, 2, 3, and 10 are insufficiently pled under Federal Rule of Civil Procedure 8(A). In the alternative, the County Defendant states that the four counts must fail because the County cannot be held liable under the theory of *respondeat superior*. The Court disagrees, finding that counts 1, 2, and 10 are sufficiently pled and that the plaintiff is not attempting to prevail on the basis of *respondeat superior*. The Court finds that count 3 does not pertain to the County Defendant and therefore the

County Defendant has no standing to move to dismiss the claim.

### i. Counts 1, 2, and 10 Adequately Pled

The four claims brought by the plaintiff against the County Defendant 42 U.S.C. § 1983 creates a cause of action against any person who, under color of state law, violates a party's federally protected rights. 42 U.S.C. § 1983. Municipalities are "persons" subject to suit under § 1983. **Monell v. Department of Social Services**, 436 U.S. 658, 690 (1978). However, a municipality may be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue. *Id.* at 694–95; *see also* **City of Canton, Ohio v. Harris**, 489 U.S. 378, 385 (1989); **Carter v. Morris**, 164 F.3d 215, 221 (4th Cir. 1999). A plaintiff cannot rely on a theory of *respondeat superior*. *Id.* at 691. The plaintiff must establish a direct causal connection between a custom, policy, practice, or procedure and the alleged constitutional deprivation. **Bd. of Cty. Comm'rs of Bryan Cnty., Okla. v. Brown**, 520 U.S. 397, 403–04 (1997). The requisite causation will be present if the plaintiff demonstrates that "through its deliberate conduct, the municipality was the moving force behind the alleged injury." *Id.* at 403; *see also* **Gilco v. Logan Cty. Comm.**, 2012 WL 3580056 (S.D. W.Va. Aug. 17, 2012) (Copenhaver, J.).

In counts 1, 2, and 10, the plaintiff alleges that the County should be held liable under 42 U.S.C. § 1983 for unlawful arrest, excessive force, and deliberate indifference, respectively. Pursuant to **Monell**, a governmental entity can only be held liable under § 1983 if the constitutional violation at issue is the result of an official policy, custom or practice. **Monell v. Dep't of Soc. Serv. of City of New York**, 436 U.S. 658 (1978). The plaintiff alleges that the County defendant "had both actual and constructive notice of

6

Hawkins' individual tendencies toward the use of excessive force and violence" and lists multiple alleged instances of wrongdoing by defendant Hawkins [Doc. 1 at ¶ 5]. The Complaint also claims that despite its notice of these instances of abuse, the County Defendant "permitted and authorized him to continue in his capacity as Sheriff and law enforcement officer and retained him as such, thereby ratifying his conduct punctuated by violence and excessive force, specifically including his proclivity for unlawfully and completely unnecessarily using excessive force on citizens and arrestees." [Id.]. The plaintiff claims that through his actions, defendant Hawkins "implemented or executed a policy statement, ordinance, regulation, or decision officially adopted or promulgated by the County Defendant, or engaged in such action pursuant to a formal or informal governmental custom or otherwise was permitted to act in such an unlawful manner by the County Defendant despite its subjective appreciation of defendant Hawkins' proclivity to violate the civil rights of young women, including Plaintiff." [Id. at ¶ 28]. The plaintiff claims that the County Defendant violated her rights under Amendments 1, 4, and 14 of the United States Constitution and under Article III, § 6 of the West Virginia Constitution [Id. at ¶ 31].

To prevail on a *Monell* claim, a plaintiff must "adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused the deprivation of [her] rights." ***Jordan by Jordan v. Jackson***, 15 F.3d 333, 338 (4th Cir. 1994); ***Monell***, 436 U.S. at 691. A municipality may be held liable for a policy or custom in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate

indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." **Lytle v. Doyle**, 326 F.3d 463, 471 (4th Cir. 2003) (citing **Carter v. Morris**, 164 F.3d 215, 217 (4th Cir. 1999)).

A practice may be attributed to a local government if the duration and frequency of the practices rises to a level so that the governing body may be deemed to have constructive knowledge that the practices have become customary among its employees. **Spell v. McDaniel**, 824 F.2d 1380, 1387 (4th Cir. 1987). "Constructive knowledge may be evidenced by the fact that the practices have become so widespread and flagrant that in the proper exercise of its official responsibilities the governing body should have known of them." **Id.** (citing **Bennett v. City of Slidell**, 728 F.2d 762, 768 (5th Cir. 1984)).

The plaintiff lists five alleged victims who were harmed as a result of excessive force and violence and multiple alleged incidences. The existence of multiple incidents allows the Court to draw the reasonable inference that, if true, the County Defendant may be found liable for a "condoned custom." Viewing the Complaint in a light most favorable to the non-moving party, the plaintiff has sufficiently pled unlawful arrest, excessive force, and deliberate indifference claims against the County Defendant. Accordingly, the County's Motion to Dismiss Counts 1, 2, and 10 as inadequately pled under **Twombly** and **Iqbal** is hereby DENIED.

### ii. Counts Do Not Assert Claims for *Respondeat Superior*

The County Defendant asserts that counts 1, 2, and 10 should be dismissed because the plaintiff asserts her claims based in *respondeat superior*, which cannot stand against a county defendant under 42 U.S.C. § 1983 [Doc. 11 at 6].

The plaintiff disagrees, stating that the facts as incorporated by reference in the counts are sufficiently pled to show that the County Defendant acted with "a minimum of 'deliberate indifference.' " [Doc. 14 at 5].

As discussed above, the allegations in the plaintiff's Complaint regarding counts 1, 2, and 10 were sufficiently pled to survive a motion to dismiss. Accordingly, to the extent that the County Defendant moves to dismiss counts 1, 2, and 10 for failure to state a claim based in *respondeat superior*, the motion is DENIED.

### iii. Count 3: Civil Conspiracy

The County Defendant also moves to dismiss count 3 on the ground that it is insufficiently pled under Federal Rule of Civil Procedure 8(A) or, in the alternative, because the County cannot be held liable under the theory of *respondeat superior*.

The plaintiff's Memorandum of Law in Opposition to Defendant Barbour County Commission's Motion to Dismiss in Lieu of Answer states that "[o]nly the following counts directly pertain to Defendant Barbour County Commission: count one, unlawful arrest in violation of 42 U.S.C. § 1983; count two, excessive force in violation of 42 U.S.C. § 1983; count six, negligent retention and hiring; count eight, negligent training and supervision; and count ten, deliberate indifference." [Doc. 14 at 5].

As the plaintiff claims that count three, civil conspiracy, does not pertain to the County Defendant, the County Defendant has no standing to move to dismiss the claim. Therefore, the defendant's motion to dismiss count three is DENIED.

### B. Defendant's Claim that Plaintiff Alleges Intentional Acts Against the Defendant Which Cannot Be Supported By Law

The County Defendant moves to dismiss counts 1, 2, 3, 4, 5, 7, 9, 11, 12, 13, 14, and 15 under W. Va. Code § 29-12A-4(c)(4) as the plaintiff alleges intentional acts against the County defendant which cannot be supported by law [Doc. 10 at 1].

### i. Counts 1 and 2

In counts 1 and 2, the plaintiff alleges Unlawful Arrest and Excessive Force under 42 U.S.C. § 1983 [Doc. 1 at 6–7]. The County Defendant moved to dismiss counts 1 and 2 "[t]o the extent Plaintiff asserts counts 1 and 2 under W. Va. state law, which is unclear" for "failure to state a claim, as all are alleged 'intentional acts' which the County cannot be held liable under W.Va Code § 29-12A-4(c)(4)." The County Defendant claims that because the County Commission is a recognized political subdivision under West Virginia law, and political subdivisions cannot be held liable for intentional claims pursuant to the West Virginia Tort Claims Act, the claims must be dismissed [Id. at 7–8].

The plaintiff's response does not address whether counts 1 and 2 are asserted under West Virginia state law. Inasmuch as the County Defendant may only be held liable for the negligent acts of its employees, the County Defendant is immune from liability under the West Virginia Tort Claims Act for intentional state torts including unlawful arrest and excessive force. Accordingly, to the extent the plaintiff asserts counts 1 and 2 under West Virginia state law, if any, the Motion to Dismiss is GRANTED to the extent that counts 1 and 2 seek relief under West Virginia state law for intentional torts.

### ii. Counts 3 and 4

The plaintiff alleges civil conspiracy in count 3 and outrage and intentional infliction

of emotional distress in count 4. [Doc. 1 at 8–9]. The two counts refer to the "County Defendant" [Doc. 1 at 9] and "[a]ll Defendants" [Id.], and therefore seem to be directed to both defendants Hawkins and the County.

The plaintiff's Response states that only counts 1, 2, 6, 8, and 10 are intended to be directed toward the County Defendant [Doc. 14 at 5]. The other counts, according to the plaintiff, "to the extent [they] allege otherwise is a typographical error." [Id.]. Therefore, the County Defendant's Motion to Dismiss Counts 3 and 4 is GRANTED and Counts 3 and 4 are dismissed insofar as they pertain to the County Defendant.

### iii. Counts 5, 7, 9, 11, 12, 13, 14, and 15

The County Defendant's Memorandum of Law in Support of Motion to Dismiss in Lieu of Answer states the following with respect to counts 5, 7, 9, 11, 12, 13, 14, and 15:

> the claims . . . do not appear to be directed to this Defendant. To the extent such Counts might be directed to this Defendant, each is alleged using language that alleges "intentional acts" on the part of the Defendant. In fact, none of those Counts even use the term "negligence." Thus, to the extent that such allegations are directed to this Defendant, they should be dismissed pursuant to W. Va. Code §29-12A-4 for failure to state a claim.

[Doc. 11 at 8].

The claims of battery (count 5), false imprisonment (count7), assault (count 9), malicious prosecution (count 11), sexual assault (count 13), furnishing alcohol to a minor (count 14), and dissemination of a nude photo of a minor (count 15) are not directed to the County Defendant and therefore the County has no standing to move to dismiss the counts. The counts make no mention of the County Defendant as a party and make no allegations directed toward the County. Therefore, to the extent that the County Defendant moves for the dismissal of these counts, the Motion is DENIED.

The claim for abuse of process (count 12) states that the "Defendants caused Plaintiff to be served with process to wit: an indictment" and "Defendants' conduct constitutes common law abuse of process." [Doc. 1 at 12]. The plaintiff's Response to the Motion to Dismiss states that the "intentional acts pertain to defendant Hawkins only, and to the extent the complaint alleges otherwise is a typographical error." [Doc. 14 at 5]. The plaintiff claims that the only counts which directly pertain to Defendant Barbour County Commission are counts 1, 2, 6, 8, and 10. Therefore, to the extent that count 12 of the Complaint appears to be directed to both defendants, the County Defendant's Motion to Dismiss Count 12, insofar as it pertains to the County, is GRANTED.

### C. Counts 6 and 8

The plaintiff claims negligent retention and hiring in count 6 and negligent training and supervision by the County Defendant in count 8. The County Defendant moves to dismiss on the ground that the claims fail to state a cause of action attributable to the County Defendant [Doc. 11 at 9]. The County Defendant claims that the allegations appear to be ones of first impression in this jurisdiction, and there appears to be no case law or statutory support for the contention that a County Commission hired or retained constitutionally elected officials or is responsible for their supervision or training [Id.]. In the alternative, the County Defendant moves under Federal Rule of Civil Procedure 12(e) for the plaintiff to assert a more definite statement as to the allegations contained in the two counts.

The plaintiff's response states that because the allegations of negligent retention and hiring and negligent training and supervision are issues of first impression, discovery must

be permitted to determine whether the County Defendant has a role of overseeing defendant Hawkins [Doc. 14 at 5].

In its reply, the County Defendant contends that the claims should be dismissed because under the Governmental Tort Claims and Insurance Reform Act, "where there is no law, common or statutory, to support a cause of action, the law errs to the side of immunity for a political subdivision."

First, the plaintiff does not state whether these claims arise under the West Virginia Governmental Tort Claims and Insurance Reform Act, W. Va. Code § 29-12A-1, *et seq.*, or under 42 U.S.C. § 1983, which creates a cause of action against any "person" who, under color of state law, violates a party's federally protected rights. 42 U.S.C. § 1983.

i. **County Commission Liability for Negligence of Elected Official**

Under the West Virginia Governmental Tort Claims Act, at least, the plaintiff may maintain an action against the County Commission for the alleged negligence of its employee who is a duly elected and serving Sheriff.

Under West Virginia Code § 29-12A-3, an employee is defined as "an officer, agent, employee, or servant, whether compensated or not, whether full-time or not, who is authorized to act and is acting within the scope of his or her employment for a political subdivision. 'Employee' includes any elected or appointed official of a political subdivision." W. VA. CODE § 29-12A-3(a).

The Supreme Court of Appeals of West Virginia held that a County Commission may be held liable under the West Virginia Governmental Tort Claims Act for the alleged negligence of its employee who is a duly elected and serving Sheriff. *See **Beckley v.***

*Crabtree*, 189 W. Va. 94, 428 S.E.2d 317, 319 (1993). The West Virginia Supreme Court held that West Virginia Code § 29-12A-5(a) does not provide immunity to the County Commission when liability is sought to be imposed based upon the actions of the duly elected and serving Sheriff of that County. *Id.* Further, the County defendant has not offered support for its contention that an employer cannot negligently retain an elected official.

### ii. Negligent Hiring and Retention

The West Virginia Supreme Court of Appeals applies the following test for a claim based on negligent hiring under West Virginia state law:

> [W]hen the employee was hired or retained, did the employer conduct a reasonable investigation into the employee's background vis a vis the job for which the employee was hired and the possible risk of harm or injury to co-workers or third parties that could result from the conduct of an unfit employee? Should the employer have reasonably foreseen the risk caused by hiring or retaining an unfit person?

*McCormick v. W. Virginia Dep't of Pub. Safety*, 202 W. Va. 189, 193, 503 S.E.2d 502, 506 (1998); *see also* **Webb v. Raleigh Cnty. Sheriff's Dep't**, 761 F. Supp. 2d 378, 397 (S.D. W.Va. 2010)

The plaintiff claims that the County Defendant "had both actual and constructive notice of defendant Hawkins' individual tendencies toward the use of excessive force and violence" and nevertheless "permitted and authorized him to continue in his capacity as Sheriff and law enforcement officer and retained him as such." [Doc. 1 at 2]. The County Defendant contends that there appears to be no case law or statutory support that a County Commission "retains" and/or "hires" constitutionally elected officials.

A County Commission has the ability to petition for the removal of an elected sheriff. Pursuant to West Virginia Code § 6-6-7, a County Commission may petition for the impeachment and removal of a Sheriff. W. VA. CODE § 6-6-7; *see also* **Mason Cty. Comm. v. Anthony**, Misc. Action No. 12-P-3 (Mason Cty. Cir. Ct. 2012). The statute provides in relevant part, "Any person holding any county, school district or municipal office . . . , the term or tenure of which office is fixed by law, whether the office be elective or appointive . . . may be removed from such office in the manner provided in this section for official misconduct, malfeasance in office, incompetence, neglect of duty or gross immorality or for any of the causes or on any of the grounds provided by any other statute." W. VA. CODE § 6-6-7(a). "Charges may be preferred . . . [i]n the case of any county officer . . . by the county commission." W. VA. CODE § 6-6-7(b).

The Complaint alleges at least five prior instances where defendant Hawkins threatened and/or sexually assaulted female victims and states that the County Defendant "had both actual an constructive notice" of those allegations and defendant "Hawkins' individual tendencies toward the use of excessive force and violence." [Doc. 1 at 2–3]. These factual allegations, taken as true, raise a right to relief above the speculative level. *See* **Bell Atlantic v. Twombly**, 550 U.S. 554, 555 (2007).

Viewing the Complaint in a light most favorable to the non-moving party, the plaintiff has presented a genuine issue of material fact as to whether the County Defendant should have been aware that defendant Hawkins was a risk to the community, and should have reasonably foreseen the risk caused by retaining defendant Hawkins. Accordingly, the motion to dismiss insofar as it pertains to count 6, the claim for negligent hiring and

retention, is DENIED.

### iii. Negligent Training and Supervision

Under West Virginia law, claims of negligent training and supervision are governed by general negligence principles. ***Runyon v. Hannah***, 2013 WL 2151235 (S.D. W.Va. May 16, 2013); ***Pruitt v. West Virginia Dep't of Public Safety***, 222 W. Va. 290, 664 S.E.2d 175, 181–82 (W. Va. 2008). The plaintiff alleges the County Defendant knew or ought to have known about defendant Hawkins' alleged misconduct.

The plaintiff alleges that the County Defendant negligently failed to train and supervise defendant Hawkins "commensurate with the training and supervision accorded by law enforcement agencies to law enforcement employees in various areas, including, but not limited to, assessment of probable cause to arrest, how to act in a sane and civilized fashion and not in a brutish fashion as would a Neanderthal, dealing with verbally assertive citizens, the circumstances in which arrests may be made, and the continuum of the use of force and the use of force matrix." [Doc. 1 at ¶ 48]. The plaintiff claims that the County Defendant's failure to provide appropriate training and supervision proximately caused the plaintiff damages.

Viewing the Complaint in a light most favorable to the non-moving party, the plaintiff has presented a genuine issue of material fact as to whether the County Defendant had a duty to train or supervise the elected Sheriff in the management of his department, whether it breached that duty, and whether the breach caused the plaintiff's injury. Accordingly, the motion to dismiss insofar as it pertains to count 8, the claim for negligent training and supervision, is DENIED.

### D. Plaintiff's Claim for Exemplary Damages for Asserted State Law Claims

The plaintiff's Complaint seeks "special and general injuries, losses and damages, . . . exemplary damages, attorney fees, the costs of this action and for such other legal and equitable relief to which she may be entitled." [Doc. 1 at 16]. The County defendant argues that it is immune from punitive or exemplary damages under West Virginia Code § 29-12A-7(a) [Doc. 11 at 10]. The plaintiff concedes that punitive damages are prohibited against a political subdivision and its employees as it relates to any State law claims asserted by the plaintiff. Accordingly, the County Defendant's Motion to Dismiss the plaintiff's claim for exemplary damages against the County Defendant is **GRANTED.**

### V. Conclusion

For the reasons stated above, Defendant Barbour County Commission's Motion to Dismiss in Lieu of Answer **[Doc. 10]** is **GRANTED IN PART AND DENIED IN PART**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record.

**DATED:** December 16, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE